Miriam Licet **HERNANDEZ–ORELLANA**, a.k.a. Ana Daniela Hernandez–Orellana, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 12–71671.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 23, 2014.*

Filed Oct. 2, 2014.

Eduardo A. Paredes, Law Office of Eduardo A. Paredes, Los Angeles, CA, for Petitioner.

Oil, David Schor, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

### MEMORANDUM **

Miriam Licet Hernandez–Orellana, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). We deny the petition for review.

Substantial evidence supports the BIA's finding that Hernandez–Orellana failed to meet her burden of showing that she suffered past persecution or feared future persecution on account of her membership in a particular social group. *See id.* at 1097 (even if an asserted social group is cognizable, petitioner must show persecution on account of membership in that group); *Parussimova v. Mukasey,* 555 F.3d 734, 741 (9th Cir.2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). In light of this conclusion, we need not address Hernandez–Orellana's other challenges to the BIA's denial of asylum. Thus, Hernandez–Orellana's asylum claim fails.

Because Hernandez–Orellana has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, Hernandez–Orellana does not raise any arguments regarding the denial of CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

### PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.